UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
NIEVE ANJOMI,                  )
                               )
                               )
            Plaintiff,         )
                               )
      v.                       )   CIVIL ACTION
                               )   NO. 11-10521-WGY
                               )
DAVID KALAI, NAVA KALAI, NADAV )
KALAI, ERLINDA FARKAS, ERAN    )
VARDI, URS TAX, INC., URS      )
STAFFING, UNITED REVENUE       )
SERVICE, INC., and             )
OFFICE FURNISHING INC.         )
                               )
            Defendants.        )
_____)
```

ORDER

YOUNG, D.J.                                       November 21, 2011

After considering Nieve Anjomi's Motion for Leave to File an Amended Complaint ("Motion for Leave") and supporting memorandum, ECF Nos. 30, 31, the First Amended Complaint, ECF No. 30-1, and Nava Kalai's ("Nava") Opposition to the Motion for Leave to File Amended Complaint, ECF No. 34, this Court DENIES Anjomi's Motion for Leave and GRANTS Nava's original Motion to Dismiss, ECF No. 13.

At the September 15, 2011 oral hearing regarding Nava's original Motion to Dismiss, this Court dismissed all causes of action against Nava, except for the retaliation claim. At the hearing, the Court stated that Anjomi might, within thirty days,

file a motion for leave to file an amended complaint to replead the retaliation claim against Nava.

While this Court may freely grant a motion for leave to file an amended complaint, it will not grant a motion for leave if doing so would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Even if this Court views all facts relating to the retaliation claim in Anjomi's favor, granting the Motion for Leave would be futile.

Anjomi alleges that URS, David Kalai, Nava, and Nadav Kalai retaliated against him for filing a complaint with the Massachusetts Commission Against Discrimination (the "Commission") by constructively or actually discharging him. Amended Complaint ¶¶ 59, 61, 63-64, 67; see also id. ¶¶ 160-166, 179-185. The relevant alleged facts, however, fail to point out any action by Nava relating to the allegedly retaliatory discharge. See id. ¶¶ 58-68.

Separately, Anjomi alleges that soon after he filed with the Commission, Nava retaliating by failing to renew his Westlaw account or his malpractice insurance policy. Id. ¶¶ 74, 76. While this Court may infer causation when the alleged retaliation is temporally proximate to the protected activity, such inference is only appropriate if Anjomi had "presented evidence that the

decisionmaker was aware of Plaintiff's protected activity." Allard v. Citizens Bank, 608 F. Supp. 2d 160, 170 (D. Mass. 2009) (Tauro, J.). Anjomi neither presents facts that Nava was aware of Anjomi's filing with the Commission nor alleges that Nava was the decision-maker regarding the Westlaw account or malpractice insurance policy non-renewal.

For the above reasons, granting Anjomi's Motion for Leave would be futile insofar as the retaliation claim against Nava.

SO ORDERED.

/s/ William G. Young
William G. Young
United States District Judge